UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CAROLYN DOGGETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number: 1:14-cv-02328-JHE |
| ) | |
| NATIONAL ENERGY SOLUTIONS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**[1]

Defendants National Energy Solutions, Inc. ("NES") and Terra-Gen Power, LLC ("Terra-Gen") (collectively "Defendants") removed this action from the Circuit Court of Cleburne County, Alabama, to this Court on December 3, 2014, asserting federal jurisdiction pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship and the amount in controversy.[2]  (Doc. 1). Plaintiffs, residents of Cleburne County, Alabama, seek a permanent injunction against Defendants building an electricity-generating wind turbine project along a ridge line in Cleburne

---

[1] This action is governed by this Court's General Order for Referral of Civil Matters to the United States Magistrate Judges dated January 14, 2013, *nunc pro tunc* August 28, 2012.

[2] The allegations establish complete diversity of citizenship between the parties at the time of removal and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. Plaintiffs are all residents of Alabama.  Defendant NES is an Oklahoma corporation with its principal place of business in Oklahoma. (Doc. 1 at 6). Defendant Terra-Gen is a Delaware limited liability company whose members are ArcLight Capital, LLC ("Arclight" and Global Infrastructure Partners, LLC ("GIP"). (*Id.* at 7). All of the members of ArcLight, a Delaware limited liability company, are citizens of Massachusetts. (*Id.*). The members of GIP, a foreign limited liability company, are citizens of New York or other foreign states. (*Id.* at 8-9). None of GIP's members are citizens of Alabama. (*Id.* at 9). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object in litigation."  *Hunt v. Washington State Apple Advertising Commission*, 532 U.S. 333 (1997).  It is apparent from the face of the complaint that the cost of purchasing, constructing, and operating fifteen "huge" wind turbines exceeds the minimum amount in controversy requirement.

1

County, Alabama. (Doc. 1-1).

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 12). The motion is fully briefed and ripe for review.[3] (Docs. 12, 14 & 15). For the reasons stated below, the motion to dismiss, (doc. 12), is **DENIED**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must

---

[3] Defendants request oral argument, (doc. 12 at 1); however, the undersigned does not believe oral argument would aid in the resolution of this motion.

be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Factual Background[4]

Plaintiffs are residents of Cleburne County, Alabama, each of whom "own real estate adjacent to land that is the site of Defendants' proposed wind turbines." (Doc. 1-1 at ¶1). Defendants have announced their intention "to build, own, and operate between fifteen (15) and thirty (30) wind turbines" that will be "approximately 570 feet tall" and "destroy some of Cleburne County's most scenic areas, such as those of the Plaintiff property owners." (*Id.* at ¶8). Plaintiffs further allege the huge wind turbines will produce very little electricity and are being built because of "huge government incentives" that benefit only the energy companies and the landowners who put the turbines on their property, with little or no benefit to the public. (*Id.* at ¶¶10-11). Additionally, Plaintiffs contend there is no provision for the removal of non-operational turbines. (*Id.* at ¶12).

As to the detriments involved, Plaintiffs allege that

> the limited benefits of the proposed project must be measured against the following detriments to the Plaintiffs and other landowners similarly situated in Cleburne County: (a) the overwhelming negative impact to the scenic beauty; (b) the constant noise; (c) the adverse impact on tourism, recreation, and home construction because of noise, flashing of the blades when the sun strikes at a particular angle ("shadow flicker") and adverse impact on wildlife resources; (d) disturbance of underground spring-fed lakes and ponds; and (e) a significant danger from broken blades, lightning strikes, forest fires and collapsing towers. All of these negative aspects to Defendants' wind energy project will have a significant impact on the Plaintiffs' property values.

---

[4] When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" are taken directly from the complaint.

(Doc. 1-1 at ¶14).  More specifically, Plaintiffs allege they will sustain "great and irreparable injury" in the form of the following:

- shadow flicker
- low frequency noise
- flash and glint
- loss and/or diminution of property value
- reflections inside the home
- "wind turbine syndrome"
- "space and motion discomfort"
- threat to the integrity of Native American surrounding sites
- blasting
- water run-off
- damage to existing water lines and water systems
- increase in traffic throughout the area
- flight path intrusions
- threat to nature wildlife

(*Id.* at ¶15).  Plaintiffs further allege that "[t]he interference with the Plaintiffs' use and enjoyment of their land is both substantial and unreasonable for the above-stated reasons." (*Id.* at ¶17).

Finally, Plaintiffs state they "cannot be fully compensated in damages and are without an adequate remedy at law because the exact amount of damages the Plaintiffs will sustain will be difficult to determine, and the damages likely to be suffered are irreparable in nature." (*Id.*at ¶19).

### III. Analysis

Under Alabama law, a nuisance[5] is "anything that works hurt, inconvenience or damage

---

[5] "Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state. A private nuisance gives a right of action to the person injured."  ALA. CODE § 6–5–121 (1975).  Plaintiffs have not stated a claim for public nuisance.

4

to another." ALA. CODE § 6-5-120 (1975).  "The fact that the act done may otherwise be lawful does not keep it from being a nuisance.  The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man." *Id.*  On anticipatory nuisances, Alabama law provides that "[w]here the consequences of a nuisance about to be erected or commenced will be irreparable damages and such consequences are not merely possible but to a reasonable degree certain, a court may interfere to arrest a nuisance before it is completed."  *Id.* § 6-5-125.  The burden of proof to enjoin a proposed enterprise as an anticipated nuisance is higher than the burden of proof for seeking to enjoy an existing enterprise as a nuisance.  *See McCord v. Green*, 555 So.2d 743 (Ala.1989), overruled on other grounds by *Parker v. Ashford*, 661 So.2d 213 (Ala.1995).

In response to Defendants' motion to dismiss, Plaintiffs argue that a motion to dismiss is not proper  because they have a right to present evidence at trial that the proposed wind turbine project would destroy the scenic beauty of their property, create "shadow flicker" that "could possibly be seen within the[ir] residences," and create noise.  (Doc. 14 at 2).  Specifically, Plaintiffs cite *McCord v. Green*, 555 So. 2d 743 (Ala. 1989), stating that the Alabama Supreme Court has "been exceedingly unwilling to enjoin a proposed enterprise *until it has been proven at trial to be a nuisance*."  (Doc. 14 at 1 citing *McCord*, 555 So. 2d at 745 (emphasis added by Plaintiffs)).  While it is true that state courts generally do not enjoin an anticipatory nuisance prior to it being proven at trial, there is absolutely no indication that this alleviates a plaintiff from sufficiently stating a claim in these cases.  *See Jackson v. Downey*, 42 So. 2d 246 (Ala. 1949) (holding that "if the facts averred present such a situation that if proven equity will intervene to grant relief, the case should proceed to a hearing on the evidence . . . .").  The Alabama Supreme Court was not "exceedingly unwilling to enjoin a proposed enterprise until it

has been proven at trial to be a nuisance" because all permanent injunction cases must go to trial. To the contrary, the court explained that the injunction of anticipatory nuisances is "an extraordinary power that must be cautiously and sparingly exercised." *McCord*, 555 So. 2d at 745. Plaintiffs must plead their claim by stating allegations, which, if proven true, show that, to a reasonable degree of certainty, the proposed wind turbine project will, in fact, constitute a nuisance, before proceeding to discovery and, if necessary, trial. *See id.*

> Specifically, the Alabama Supreme Court has stated:
>
> Although § 6-5-125 authorizes the injunction of anticipated nuisances, such injunctions should be denied unless the plaintiff shows to a reasonable degree of certainty that the anticipated act or structure will, in fact, constitute a nuisance.
>
> It is a general rule that an injunction will be denied in advance of the creation of an alleged nuisance, when the act complained of may or may not become a nuisance, according to the circumstances, or when the injury apprehended is doubtful, contingent or merely problematical. And so where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free, however, to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance.

*Hall v. North Montgomery Materials, LLC*, 39 So. 3d 159, 171 (Ala. Civ. App. 2008) (quoting *McCord*, 555 So.2d at 745) (quotations marks and citations omitted). Thus, a review of Plaintiffs' complaint must show (1) a reasonable degree of certainty that the proposed project will cause (2) irreparable damages.

Plaintiffs allege that Defendants intend to construct fifteen to thirty wind turbines that will be approximately 570 feet tall. (Doc. 1-1 at ¶8). Due to the height of these turbines, Plaintiffs allege the scenic beauty of their property will be destroyed. (*Id.*). Plaintiffs also point to their allegation that the turbines will create "shadow flicker" – "flashing of the blades when the sun strikes at a particular angle" – that "could possibly be seen within the[ir] residences."

(Doc. 14 at 2 (citing doc. 1-1 at ¶¶14-15)).  Plaintiffs also allege that the wind turbines will create noise, specifically low frequency noise.  (*Id.* (citing doc. 1-1 at ¶15)).  Finally, Plaintiffs point to the allegation that the proposed turbines will diminish their property values.  (*Id.* at 3 (citing doc. 1-1 at §15)).  Plaintiffs acknowledge that diminution of value of real estate without more is typically not enough for an injunction, but argue that this, factored in with all of the other allegations, "could allow the court to issue the injunction."[6]  (Doc. 14 at 3).

Neither party has presented the undersigned with Alabama case law addressing wind turbines as a nuisance.  However, Alabama courts have addressed the alleged harms that Plaintiffs contend will result from the proposed project.  First, Plaintiffs allege that, due to the proposed height of the wind turbines, the project will destroy their property's scenic beauty.  (Doc. 1-1 at ¶8).  General unsightliness, however, does not constitute a nuisance.  *Ala. Power Co. v. Stringfellow*, 153 So. 629, 631 (Ala. 1934) ("The trial court charged out, and properly so, the claim of unsightliness of the substation.").  Plaintiffs also complain about "shadow flicker" and the possibility it could be seen from inside their residences. (Doc. 1-1 at ¶¶14-15).  The alleged *possibility* of a harm occurring is not enough to support an injunction of an anticipatory nuisance.  Thus, the undersigned only considers the allegation that shadow flicker will occur and the implicit conclusion it will be seen from somewhere on Plaintiffs' properties.  There are no allegations as to how this will cause the level of irreparable harm required to support an injunction.

Next, Plaintiffs complain the proposed project will cause "constant noise" and "low frequency noise" that will interfere with their use and enjoyment of their land. (Doc. 1-1 at ¶¶14,

---

[6] Plaintiffs' argument regarding the "Wind Farm Lease and Easement Agreement" several residents were asked to sign, (doc. 14 at 3-4), is not relevant to the resolution of this motion, as it is based on information from outside of the complaint.

15, 17). "Whether or not noise in itself, constitutes a nuisance is a question of fact dependent on the nature and character of the noise, its constancy or frequency, and the extent of the inconvenience caused by it." *Hall v. N. Montgomery Materials, LLC*, 39 So. 3d 159, 173 (Ala. Civ. App. 2008) (citations omitted).  While some of Plaintiffs' allegations describe the alleged harm in a speculative nature, the allegations regarding noise are stated in no uncertain terms.  As property owners adjacent to a proposed project that will cause constant noise and low frequency noise, Plaintiffs have stated a claim for private nuisance.  This is particularly true when considered in connection with the other allegations of injury.

Although at one point Plaintiffs state that "damages . . . will be difficult to determine," they otherwise allege their injury will be irreparable.  (*See* doc. 1-1 at ¶19).  Injunctive relief from an anticipatory nuisance is not available if legal damages can be calculated, even if that calculation becomes "difficult."  Despite Plaintiffs' inconsistent statements regarding the nature of their injury, they clearly plead that they will be irreparably harmed if this project is allowed to proceed.  Therefore, Plaintiffs are entitled to move forward with their claim and present evidence to the court on the many fact issues, including, but not limited to, the nature of this noise and other alleged harms.

## IV. Conclusion

Plaintiffs have stated a cause of action for an injunction of an anticipatory private nuisance.  Accordingly, the motion to dismiss, (doc. 12), is **DENIED**.  The parties are reminded of their obligation to hold a Rule 26(f) meeting and submit a report to the court no later than **November 30, 2015**.

DONE this 16th day of October 2015.

                                      **JOHN H. ENGLAND, III**
                                      UNITED STATES MAGISTRATE JUDGE